MORRIS COUNTY CIRCUIT COURT.

IN THE MATTER OF AN ORDINANCE FOR THE GRADING, ETC., OF WASHINGTON AVENUE, IN THE BOROUGH OF CHATHAM, NEW JERSEY.

Municipalities—Streets—Paving—Public Necessity—A Local Improvement was Proposed—Two-thirds of Property Owners Objected—Council Then Declared Proposed Improvement a Public Necessity—Property Holders Appealed Under the Statute—Held, Upon Examination, That the Improvement is a Public Necessity; That Questions of Benefits, Costs of Improvement, &c., are Not Matters Before the Court Under the Statute Authorizing This Review.

On appeal from the determination of mayor and council that contemplated public improvement is a public necessity.

LAWRENCE, J. This is an appeal by property owners affected from the determination of the mayor and council of the borough of Chatham that the grading and paving of Washington avenue, a street of the borough, is a public necessity. The improvement contemplated is local in character and is being undertaken pursuant to the provisions of an ordinance adopted by the council and approved by the mayor. Written objection was made by the owners of two-thirds in value of the land proposed to be assessed for benefits accruing from such improvement. Thereupon, the mayor and council determined that it is a public necessity, and this appeal was filed. The authority therefor is found in *Pamph. L.* 1922, *ch.* 112, *p.* 201. The pertinent provisions of the statute are that notwithstanding the objection of property owners to a contemplated local improvement, the governing body may determine that it is a public necessity and, after the lapse of ten days from the date of such determination, may undertake it, unless in the meantime the property owners filing objection appeal to the judge of the Circuit Court of the county, who may hear such appeal in a summary way and determine whether the proposed improvement is a public necessity or not. Should

he decide that it is, the governing body may proceed with the improvement, otherwise not.

The hearing on the appeal has accordingly been had, on due notice, and the undersigned, as judge of the Circuit Court, has considered the evidence offered and inspected the territory involved in the contemplated improvement. It is proposed, under the ordinance, to grade and pave with eight inches of concrete Washington avenue from its intersection with the southerly side of Main street to its intersection with the northerly side of Watchung avenue, a distance of approximately two thousand five hundred and sixty feet, at a cost not to exceed sixty per cent. of which shall be paid by the borough at large and the balance assessed upon the lands and real estate in the vicinity of the improvement benefited thereby and to the extent thereof. Should the amount of the benefits received not equal the balance of the total cost, then the deficiency shall likewise be paid by the borough at large.

The objecting property owners rest their appeal on the following grounds: (a) The improvement contemplated is not a public necessity; (b) the property owners affected by the assessment will not be benefited by the improvement; (c) the cost of the improvement, if made, should be assessed against the borough at large and no portion thereof against the property owners fronting on the street, and (d) the assessment of forty per cent. of the cost of the proposed improvement on the property owners affected is not a public necessity and is an improper burden to impose.

It is not deemed necessary to consider any of these grounds excepting the first. Whether the property owners will be benefited by the improvement, and if so, to what extent, the manner and measure of distribution of the cost, and the policy to be followed with relation thereto, appear to be matters not within the purview of the statute invoked as the basis for the present appeal. These questions properly will arise before the assessment commissioners appointed to ascertain the cost of the improvement and its allocation. It may well be that they will find that the benefit to the property owners in question will not comprehend forty per cent. of the cost, and

therefore the burden placed upon them eventually prove to have been anticipated instead of being ultimately realized. Since the street when improved, as suggested at the hearing of the appeal, may become a main thoroughfare, and generally used for a larger amount of traffic, it is conceivable that the property owners may have a cogent argument against the maximum assessments for benefits now apparently apprehended. These matters, however, are not thought germane to the present inquiry which will be confined to the question of the public necessity of the improvement.

An inspection, even though cursory, of the streets and avenues of the borough leads the unprejudiced and impartial mind to the conclusion that the problem of adequate drainage and rebuilding and paving many of them, including Lafayette and Washington avenues, to say nothing of Main street, is of immediate importance. The solution of the problem undoubtedly involves the public welfare and convenience and would seem to be quite within the realm of public necessity.

Necessity is defined to be a condition, state or quality of being necessary or needful, and the term "public necessity" appears to be used to designate the requirement of what is needed for reasonable convenience, facility and completeness in accomplishing a public purpose. The term, therefore, implies something more than a mere unanticipated or unforeseen public emergency, and may include a generally progressive measure of municipal improvements consistent with reasonable convenience, the general welfare, and the fair ability of the community to meet the obligations incurred therefor without an unduly burdensome or what may be termed confiscatory tax rate. The policy to be followed in this regard necessarily rests with the governing body of the municipality. Whether, therefore, Lafayette avenue shall be rebuilt and paved before Washington avenue is entirely a matter to be decided by the mayor and council.

Washington avenue is one of the centrally located streets of the borough, connecting Main street with Watchung avenue, both of which are subjected to increasingly heavy traffic .

Morris County Circuit Court—In re Chatham.

from year to year. To include it in a system, therefore, which will to a degree relieve the latter streets, provide adequate drainage and at the same time put it in a permanent condition of repair which it obviously needs, seems not to be unreasonable, particularly as sixty per cent., if not more, of the cost will fall upon the borough at large.

It is urged that the use of concrete rather than macadam is not a public necessity. It is assumed that this argument could be made against any street improvement in any municipality at any time, and yet, having in mind the definition of public necessity hereinabove adopted, the wisdom of laying a permanent pavement with reduction of annual maintenance to a minimum, as against a pavement of macadam constantly worn away in corduroy fashion by present day motor traffic and the resultant state of disrepair, of which the present condition of the avenue is a fair example, would seem to be clear. Many examples of it are to be observed in adjoining municipalities. In the circumstances, I am of the opinion that the appeal should be dismissed.