SOUTH JERSEY RETAIL LIQUOR DEALERS ASSOCIATION, CHARLES BRODSKY, TRADING AS CENTRAL LIQUOR COMPANY, AND MICHAEL KOUVATA, PROSECUTORS-APPELLANTS, v. D. FREDERICK BURNETT, COMMISSIONER OF DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL OF THE STATE OF NEW JERSEY, VICTOR H. POTAMKIN AND MUNICIPAL EXCISE BOARD OF THE CITY OF CAMDEN, RESPONDENTS-APPELLEES.

Submitted May 7, 1940—Decided July 16, 1940.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PERSKIE.

For the rule, *Meyer L. Sakin.*

*Contra, Carl Kisselman* and *Edward J. Dorton.*

The opinion of the court was delivered by

PERSKIE, J. This matter is before us on the return of an order to show cause why a writ of *certiorari* should not issue to review a decision of the late Commissioner of the Department of Alcohol Beverage Control reversing the judgment of the municipal excise board of the city of Camden which body had refused to transfer the plenary retail consumption license to respondent Victor H. Potamkin.

In order clearly to understand the circumstances giving rise to the instant litigation it is necessary at the outset briefly to summarize certain provisions of the alcoholic beverage laws of this state. *R. S.* 33:1-1 *et seq.* This legislation divides liquor licenses into five separate classifications (*R. S.* 33:1-9) one of which is known as "Class C—Retailers' License." "Class C" is itself subdivided also into five separate classifications. One of these subdivisions is known as a "Plenary retail consumption license" (*R. S.* 33:1-12.1), and another is known as a "Plenary retail distribution license" (*R. S.* 33:1-12.3(a)). The "plenary retail consumption license" entitles the licensee, *inter alia,* "to sell for consumption on the licensed premises any alcoholic beverages by the glass or other open receptacle, and also to sell all alcoholic beverages in original containers for consumption off the licensed premises * * *." The "plenary retail distribution license," on the other hand, merely entitled the licensee, *inter alia,* "to sell any alcoholic beverages for consumption off the licensed premises, but only in original containers * * *." With this distinction between these two types of licenses in mind we turn to the facts of the instant case.

Respondent Potamkin filed an application with the municipal excise board of the city of Camden for a transfer to himself of plenary retail consumption license No. C 71, for premises 710 Broadway, Camden, New Jersey. The license had previously been issued to one William W. Ewing for premises 1251 Mechanic street, Camden, New Jersey. Prosecutors protested the granting of the transfer and a hearing was held during which testimony was taken. It developed at this hearing that although respondent's application was for a plenary retail consumption license, he did not intend to sell any liquor for consumption on the premises as he would have been entitled to under his license. As a matter of fact, at the time of the hearing before the board in Camden, respondent's lease prevented his selling liquor to be consumed on the premises. Testimony was also adduced at this hearing concerning, among other things, the number of stores in the vicinity of respondent's property. The board denied the transfer, not because of an over-abundance of

stores in the vicinity, but rather because respondent was not going to sell liquor to be consumed on the premises. In short, the board's theory was that respondent intended to operate under a plenary retail distribution license although he applied for a transfer of a plenary retail consumption license.

An appeal was taken from the ruling of the board to the Commissioner of Alcoholic Beverage Control. *R. S.* 33:1-22. Prosecutors here attempted to support the ruling of the board upon the grounds (1) that respondent here was attempting to circumvent an ordinance of the city of Camden limiting the number of plenary retail distribution licenses; and (2) that there were sufficient plenary retail consumption licenses in the section of the city to which the transfer was sought. The commissioner ruled against the present prosecutors upon both grounds and directed that the transfer be granted as requested.

The present prosecutors then applied for and obtained a rule to show cause why a writ of *certiorari* should not issue. The rule contained a provision granting leave to the parties to take depositions. Pursuant to this provision, depositions were taken, disclosing that respondent had obtained leave from his landlord to sell liquor for consumption on the premises, and that he intended to do so. The admissibility of this evidence is questioned by prosecutors, but our view of the cause renders unnecessary any decision on this phase of the matter.

We agree entirely with the view taken by the learned deceased commissioner. The holder of a plenary retail consumption license may sell liquor in its original package, and he may also sell for consumption on the premises. He may choose to do one, or the other, or both. The municipal board was not justified in refusing the transfer merely because respondent admitted he did not intend to avail himself of all the privileges conferred by the license he held.

Nor do we think, after a careful consideration of the evidence that the transfer should have been denied because of the existence of too many liquor stores in the vicinity of prosecutor's premises. The municipal board itself, whose judgment in such matters is entitled to great weight, observed

that there was not much congestion in the neighborhood of respondent's store. We concur in that finding.

We are, moreover, entirely satisfied that the action of the commissioner in directing the issuance of the transfer was entirely proper. The power so to do is expressly conferred by statute. *R. S.* 33:1-38.

We have examined all other points argued and perceive no fairly debatable question.

Accordingly, the rule to show cause is discharged, with costs.