CITY OF WILDWOOD, PROSECUTOR, v. E. W. GARRETT, ACTING COMMISSIONER OF THE DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL, DEFENDANT.

Submitted October 1, 1940—Decided January 21, 1941.

Before Justices CASE, DONGES and HEHER.

For the prosecutor, *Irving Shenberg* and *J. Victor D'Aloia.*

For the defendant, *Edward J. Dorton.*

The opinion of the court was delivered by

DONGES, J.  This writ of *certiorari,* prosecuted by the City of Wildwood, brings up an order of the acting Alcoholic Beverage Commissioner which directed the issuance to Sam Karpf Co. of a plenary retail distribution license for the sale of alcoholic beverages in Wildwood, and set aside the action of the governing body of the city in granting a retail distribution license to one Perry R. Riefsnyder.

Sam Karpf Co. has held a license in Wildwood continuously since the year 1934, yearly renewals being obtained until the license which expired June 30th, 1940.  On June 6th, 1940, it applied for a renewal of its license for the year commencing July 1st, 1940.  On June 11th, 1940, the Board of Commissioners of Wildwood adopted an ordinance limiting the number of retail distribution licenses in the city to

three, with a provision, however, that the ordinance should not be a bar to the renewal of any existing licenses. This ordinance also provided that there should be no season retail consumption licenses and no limited retail distribution licenses issued. On June 20th, the application of Samuel Karpf Co. was denied for the reason, as stated by the mayor, that: "Our regulations provide that there shall be no seasonal licenses issued. * * * To all intents and purposes the application before us according to experience, is for a seasonal license, opening as it does, just prior to the season and closing immediately after the season."

Admittedly, the licensee had, throughout the years it was licensed, operated its liquor store only during the summer months when the number of persons resident in Wildwood, a summer resort, was greater than in the winter season. Its licenses, however, had been plenary retail distribution licenses entitling it to operate on any and all days when such establishments may be open. Its application which was denied was for a retail distribution license without limitation as to time of operation.

The contentions of the prosecutor are that the acting commissioner was without jurisdiction and that his action was without support in the facts. These arguments are based upon an insistence that the licensee was in fact seeking a seasonal or limited license because it kept its store open only a part of the year. The contention is that it was within the power of the municipality to prohibit seasonal licenses and beyond the power of the acting commissioner to overrule such a provision in the ordinance or to declare such a provision invalid. Citing *Phillipsburg* v. *Burnett,* 125 *N. J. L.* 157, 162. Further it is contended that in view of the fact that the licensee in the past did not operate year round, it was really seeking such a seasonal license as is barred by the ordinance.

We think the position of the prosecutor is without merit. The mere fact that the licensee did not avail itself of all the privileges conferred by its license did not alter the character of the license. An analogous case is that of *South Jersey Retail Liquor Dealers Association* v. *Burnett,* 125 *N. J. L.* 105. There the licensee sought the transfer of a plenary

retail consumption license although he intended to operate only by selling package goods and not by selling liquors for consumption on the premises. It was contended that this amounted to the issuance of a retail distribution license in excess of the maximum number permitted by ordinance. This contention was rejected by this court, which held that the transfer could not be refused solely because the applicant did not intend to avail himself of all the privileges conferred by the license.

We are of the opinion, therefore, that the facts do not justify a finding that Sam Karpf Co. sought a type of license barred by the ordinance, and that the acting commissioner did not disregard or overrule the provision of the ordinance. That provision had no application and there was no legal justification for the refusal of the renewal of the license.

The order of the acting commissioner is affirmed and the writ of *certiorari* is dismissed, with costs.