BERTHA ZICHERMAN, TRADING AS BERT'S HORSESHOE BAR, PROSECUTOR, v. ALFRED E. DRISCOLL, COMMISSIONER OF THE STATE DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL OF THE STATE OF NEW JERSEY, RESPONDENT.

Argued October 3, 1945—Decided February 5, 1946.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and OLIPHANT.

For the prosecutor, *Schotland & Schotland* (*Philip J. Schotland*, of counsel).

For the respondent, *Walter D. Van Riper*, Attorney-General.

The opinion of the court was delivered by

OLIPHANT, J. The prosecutor, Bertha Zicherman, was the holder of a plenary retail consumption license issued by the Municipal Board of Alcoholic Beverage Control of the City of Newark (hereafter called the Municipal Board) for premises at 174 West Kinney Street, Newark, for the licensing year which began on July 1st, 1943, and terminated on June 30th, 1944. She had been a licensee continuously for over ten years. She was charged by the Municipal Board with violations on April 10th, 1943, and July 13th, 1943, of the Alcoholic Beverage Control Act. A hearing upon said charges was held before the Municipal Board in accordance with the provisions of R. S. 33:1–31 and her license was revoked. An appeal from such action was taken to the State Commissioner of Alcoholic Beverage Control, and after hearing the Municipal Board was reversed in its findings as to some charges and sustained as to others. The Commissioner modified the action of the Municipal Board in revoking the license and ordered a suspension thereof for the balance of the term ending June 30th, 1944, effective April 21st, 1944. As a result of that order the prosecutor did not conduct any business under her license during that time.

The prosecutor applied to the Municipal Board for a renewal of her license for the licensing year beginning July 1st, 1944, and terminating June 30th, 1945. This application was denied and she again appealed to the Commissioner of Alcoholic Beverage Control from such denial. This appeal was dismissed by the Commissioner by an order dated the 15th day of January, 1945. This writ brings up for review that order.

The primary question presented is the *right* of a holder of a plenary retail consumption license to a renewal of that license for a subsequent term.

The question of a forfeiture of any property right is not involved. R. S. 33:1–26. A liquor license is a privilege. A renewal license is in the same category as an original license. There is no inherent right in a citizen to sell intoxicating liquor by retail, *Crowley* v. *Christensen,* 137 *U. S.* 86,

and no person is entitled as a matter of law to a liquor license. *Bumball* v. *Burnett*, 115 *N. J. L.* 254; *Paul* v. *Gloucester*, 50 *Id*. 585; *Voight* v. *Board of Excise*, 59 *Id*. 358; *Meehan* v. *Excise Commissioners*, 73 *Id*. 382; *affirmed*, 75 *Id*. 557. No licensee has vested right to the renewal of a license. Whether an original license should issue or a license be renewed rests in the sound discretion of the issuing authority. Unless there has been a clear abuse of discretion this court should not interfere with the actions of the constituted authorities. *Allen* v. *City of Paterson*, 98 *Id*. 661; *Fornarotto* v. *Public Utility Commissioners*, 105 *Id*. 28. We find no such abuse. The liquor business is one that must be carefully supervised and it should be conducted by reputable people in a reputable manner. The common interest of the general public should be the guide post in the issuing and renewing of licenses.

There was abundant evidence before both the Municipal Board and the Commissioner to support their actions. Under *R. S.* 33:1–19 it was the duty of the Municipal Board to administer the issuance of such licenses and under *R. S.* 33:1–24 it was its duty to investigate applicants for licenses. Under the duty imposed upon it the board is required to consider an applicant's past record as a licensee. That of the prosecutor indicated that she had been found guilty in 1935 of possessing illicit alcoholic beverages, that subsequently she or her agents had been found guilty of permitting a minor to consume alcoholic beverages upon her licensed premises, that persons of questionable character frequented her place, that there were disturbances there and that there had been a violation of *R. S.* 33:1–35.

Prosecutor argues further that there was both a suspension and a revocation of the license, a double penalty and as the statute *R. S.* 33:1–31 authorized a suspension *or* revocation such action was invalid. There was no revocation, the license was suspended and then not renewed for the next licensing period, an entirely different situation.

We find no merit in the remaining contentions of the prosecutor.

The writ is dismissed, with costs.