MATTHEW F. MAURIELLO, PROSECUTOR, v. ALFRED E. DRISCOLL, STATE COMMISSIONER, ETC., ET AL., DEFENDANTS.

Submitted May 7, 1946—Decided February 11, 1947.

Before Justices PARKER and DONGES.

For the prosecutor, *Hannoch & Lasser*.

For the defendants, *Walter D. Van Riper* and *Thomas L. Hanson*.

The opinion of the court was delivered by

DONGES, J. Prosecutor applies for a writ of *certiorari* to review the action of the Commissioner of Alcoholic Beverage Control in refusing to issue to prosecutor a Class B

State Beverage Distributor's License. The application was made under *R. S.* 33:1–11 (2) c, which provides for the license in question. The prosecutor argues that he possessed the required qualifications; that no license of such character had been issued to any licensee in East Orange; that there was need for such service.

The statute imposed upon the Commissioner defendant certain duties, amongst which is *R. S.* 33:1–3, which provides, "It shall be the duty of the Commissioner to supervise the manufacture, distribution and sale of alcoholic beverages in such a manner as to promote temperance and eliminate the racketeer and boot-legger." And *R. S.* 33:1–73 provides, "This chapter is intended to be remedial of abuses inherent in liquor traffic and shall be liberally construed."

No question was raised as to the standing and qualifications of prosecutor. The Commissioner advised prosecutor that upon careful consideration of the application he "reached the conclusion that your application must be denied on the ground that there does not appear to be any public need and necessity for the issuance of such license to you in the territory in which you propose to locate and operate."

The prosecutor seems to proceed upon the premise that inasmuch as there are no such licensees in East Orange, and inasmuch as he is a fit person for such license, the license should be issued. We cannot agree with this view. It is clearly the duty and right of the licensing authority to weigh the evidence presented and all of the circumstances and conclude whether there is public need and whether such license will be in the public interest. From our study of the proofs submitted, we are of opinion that the refusal was warranted and within the reasonable discretion of the Commissioner.

The application for a writ of *certiorari* is denied.