This is an appeal from an affirmance by the Director of the Division of Alcoholic Beverage Control of the denial by the Common Council of the City of Plainfield of an application for a transfer of a plenary retail consumption license.
Appellants have held the license for premises known as 458 West Fourth Street, Plainfield, since 1945. The premises have been so licensed since repeal. Appellants sought to transfer the license to premises purchased by them, located diagonally across the street from the licensed premises.
It is agreed that appellants have conducted their operations in an orderly, lawful manner without any unfavorable incident. The application for transfer was opposed on several grounds. The only one which was relied upon by the Director and which merits discussion is that the locus is a low-economic area; that whereas the licensed premises have a floor space of 20 feet by 40 feet and contain only a bar, the premises to which a transfer is sought measure 35 feet by 43 feet, in which appellants propose to have, in addition to bar facilities about equal to those now used, facilities for service of food, cocktail lounge and more adequate toilets; that the more attractive nature of the new premises and the added facilities just mentioned, would result in greater patronage and greater sale of liquors in an area in which social improvement is desired.
It is argued that the action of the municipal body and the action of the Director rest in sound discretion and may not be disturbed by this court in the absence of a showing of an abuse of that discretion. Zicherman v. Driscoll, 133 N.J.L. 586
(Sup. Ct. 1946).
It seems to us that the issue is, not whether a discretionary power has been improperly exercised, but rather whether in the exercise of the power respecting transfers, R.S. 33:1-26, authority existed in the local body to refuse a transfer of a license for the reason upon which the refusal was based. Cf.South Jersey Retail Liquor Dealers Association v. Burnett,125 N.J.L. 105 (Sup. Ct. 1940). *Page 121 
The Legislature has vested wide powers in the regulatory authorities for the control of a field in which evils may easily arise. It is with reluctance that a court interferes with a determination sincerely made by the responsible authorities in an effort to adjust the sale of intoxicants with the public interest; but the Legislature has not sought to delegate unlimited "discretion" to these agencies, but rather has spelled out a system within the principles of which the agencies shall act. Accordingly, the courts must measure the propriety of the administrative action by the authority granted, and may not merely surrender the subject matter to the agencies on the premise that theirs is a discretion exercisable on the basis of any and all factors which pertain to the political issue of prohibition.
Reference is made to R.S. 33:1-24, which requires the issuing authority "to inspect premises sought to be licensed." This provision undoubtedly authorizes the disapproval of premises unfit for the proposed use; but here the premises were not found to be unfit, the objection being rather that they are more attractive than the premises presently licensed. Whether the municipal body may properly determine under our statute that a given portion of the municipality shall be forbidden territory need not be considered (Cf. 30 Am. Jur. 429) for such is not the action here taken. The presently licensed premises and the proposed premises are in the same neighborhood.
The legislative mandate that the statute "is intended to be remedial of abuses inherent in liquor traffic and shall be liberally construed," R.S. 33:1-73, does not constitute a grant of unlimited authority, but rather contemplates a liberal construction of the authority somewhere granted in the act. Cf.Schaffer v. Federal Trust Co., 132 N.J. Eq. 235 (Ch. 1942).R.S. 33:1-39 confers upon the Director the power to prohibit practices unduly designed to increase consumption of alcoholic beverages. However this section contemplates the adoption by him of rules and regulations respecting the subject matter. It is unnecessary to consider the scope of the authority granted to him in that section to make "special *Page 122 
rulings and findings" since it is not suggested that the Director has undertaken any action under this section which would invite its consideration.
Since we conclude that the local board had no basis for the denial of the application for the transfer for the reason given by it and no other valid basis for such action appearing, the determination under review is reversed.