The only question here involved is whether the action of the respondent Common Council of the City of Plainfield in refusing appellants' application to transfer a plenary retail consumption license and the action of the respondent Director of the Division of Alcoholic Beverage Control in affirming the Council's action, is arbitrary and unreasonable so as to constitute an abuse of discretion.
The appellants made application for a transfer of their plenary retail consumption license to other premises in the City of Plainfield. Here, in addition to operating merely a tavern, as at present, the appellants propose to almost double the area of the licensed premises, install tables and chairs for restaurant facilities and erect a cocktail lounge.
On December 6, 1948, a public hearing was held by the Common Council of the City of Plainfield. Members of the clergy, those charged with the furnishing of recreational facilities, as well as those in charge of parochial schools in the near vicinity, voiced their objection in that favorable action by the Common Council in granting the transfer, would be contrary to the public interest.
Thereafter the respondent Director, after the hearing of some 27 witnesses, affirmed the action of the Common Council and concluded that the appellants had not shown that the action of the Common Council was arbitrary or unreasonable.
It may not be disputed that the Common Council of the City of Plainfield has discretionary powers to approve or disapprove the transfer of plenary retail consumption licenses, subject to review by the State Director. R.S. 33:1-26.
A reading of the record discloses an abundance of proof which amply justified the action of the Common Council in refusing to grant the application of transfer. *Page 123 
Whether or not the appellants might come to a pecuniary advantage is of no importance if this advantage be in conflict with the public good. Hudson-Bergen County Retail Liquor StoresAss'n v. Hoboken, 135 N.J.L. 502, 510.
Judicial superintendency is not warranted except where there is a clear and manifest abuse of such discretion. Zicherman v.Driscoll, 133 N.J.L. 586, 588.
Where, as here, the subject matter is of controversial nature resulting in real differences as to the ultimate good, the unsuccessful may not successfully claim an abuse of discretion in the event the decision as rendered is in contradiction of their own convictions.
Appellate courts may not substitute their judgment for that of the local bodies unless there has been an abuse of the delegated legal discretion. Brandon v. Montclair, 124 N.J.L. 135, 145.
Finding no abuse of discretion I would sustain the respondent Director's affirmance of the action of the respondent Common Council of the City of Plainfield and dismiss the appeal.