Appellants seek a reversal of a determination by the State Commissioner of Alcoholic Beverage Control (now Director of the Division of Alcoholic Beverage Control, in the Department of Law and Public Safety), affirming the denial by the Township Council of Teaneck of appellants' applications for a transfer of their plenary retail consumption license to a new location and a renewal thereof. *Page 174 
On November 18, 1947, the Township Council approved appellants' application for transfer of a plenary retail consumption license, which they had acquired from the holder thereof, from premises located on Bennett Road, to vacant land known as 803 Cedar Lane, upon condition that a contemplated building would be erected thereon in conformity with plans accompanying the applications. The building was never constructed. On June 4, 1948, appellants filed an application with the Township Council, seeking a transfer of the license from 803 Cedar Lane to another vacant lot known as 251 Fort Lee Road, accompanying the application with plans for a proposed building, for which no building permit was ever obtained. At the same time, appellants applied for a renewal of the license at the proposed new location. Both applications were denied by the Township Council, on the ground that the proposed premises are too near a public park and that Fort Lee Road is narrow, too near the intersection of two heavily traveled roadways; and if appellants' applications were granted, traffic hazards would increase.
Appellants concede the well settled rule that the issuance, renewal and transfer of liquor licenses rest in the sound discretion of the issuing authorities. Zicherman v. Driscoll,133 N.J.L. 586 (Sup. Ct. 1946). We have reviewed the record in the case sub judice and conclude that there is a complete absence of proof indicating any abuse of discretion by the Township Council. On the contrary, the minutes of the meeting of the Township Council evince a sympathetic attitude towards appellants and a manifest desire to find some solution for their problem. It appears, however, that the Township Council were of the opinion that the denial of the applications was for the public welfare. Concluding, as we have, that appellants have not successfully borne the burden of proving abuse of discretion by the Township Council, its action may not be judicially disturbed.Brandon v. Board of Com'rs of Town of Montclair, 124 N.J.L. 135
(Sup. Ct. 1940); affirmed, 125 N.J.L. 367 (E. A.
1940); Oliva v. City of Garfield, 1 N.J. 184, at page 189 (Sup. Ct. 1948). *Page 175 
We find no merit in appellants' contention that the action of the governing body was a violation of section 1 of the Fourteenth Amendment. They argue that they "cannot legally be denied a right which has been granted by the municipal authorities to others under substantially similar circumstances." The record does not support any such alleged discrimination against appellants. Assuming, but not conceding, that other licenses were granted under somewhat similar circumstances, it does not follow that the governing body should further perpetuate earlier unwise action. In the case of Potts v. Board of Adjustment of Borough ofPrinceton, 133 N.J.L. 230 (Sup. Ct. 1945), Mr. Justice Heher, speaking for the Supreme Court, stated:
"* * * Ill-advised or illegal variances do not furnish grounds for a repetition of the wrong. If that were not so, one variation would sustain if it did not compel others, and thus the general regulation eventually would be nullified."
In the comparatively recent case of Greenway Homes v. Boroughof River Edge, 137 N.J.L. 453 (Sup. Ct. 1948), Mr. Justice Jacobs stated:
"The record before us does not in any sense establish that type of discriminatory municipal action aimed at prosecutor which might warrant voiding the ordinance as being in violation of the Constitution of the United States under the doctrine of Yick Wov. Hopkins, 118 U.S. 356; 30 L.Ed. 220 (1886)."
The order of the Commissioner affirming the Township Council's denial of appellant's applications is affirmed, without costs. *Page 176