31 N.J. Super. 114 (1954)
105 A.2d 872
GORDON HICKEY AND DANIEL HICKEY, TRADING AS ALPINE CASTLE, APPELLANTS,
v.
DIVISION OF ALCOHOLIC BEVERAGE CONTROL, DEPARTMENT OF LAW AND PUBLIC SAFETY OF NEW JERSEY, AND MAYOR AND COUNCIL OF BOROUGH OF ALPINE, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued June 1, 1954.
Decided June 8, 1954.
*115 Before Judges JAYNE, STANTON and HALL.
Mr. Leo Rosenblum argued the cause for appellants.
Mr. Samuel B. Helfand, Deputy Attorney-General, argued the cause for Division of Alcoholic Beverage Control (Mr. Grover C. Richman, Jr., Attorney-General of New Jersey).
Mr. C. Conrad Schneider argued the cause for Mayor and Council of Borough of Alpine (Messrs. Schneider & Schneider, attorneys).
The opinion of the court was delivered by JAYNE, S.J.A.D.
The following statement of the Deputy Attorney-General is concisely expressive of the posture of the present appeal:
"Conceivably, if the members of this Court had been initially confronted with the decision herein, they might have voted to grant the application. However, it is axiomatic that the scope of appellate review has no such breadth as would permit the judiciary to substitute its judgment in matters resting in discretion, for that of the administrative officials in whom the Legislature has reposed that responsibility."
During a span of approximately seven years the appellants have been the recipients of a plenary retail consumption license for their restaurant and tavern situate on highway *116 route No. 9W in the Borough of Alpine. The State instituted an action to acquire this property by condemnation for highway purposes and consequentially the appellants presented an application to the mayor and council of the borough in quest of a transfer of the license to a site on Closter Dock Road. The latter location is approximately 2,000 feet distant from the former and in a more central area of the borough designated by the local ordinance as B-2 Business Zone.
After a hearing and mature deliberation the mayor and council resolved to deny the application. The memorial of their action contains the specification of eight reasons. From the adverse determination of the municipal governing body the applicants appealed to the Director of the Division of Alcoholic Beverage Control who, upon a study of the testimony introduced before the hearer, affirmed the denial of the transfer. In response to the present appeal we review the factual basis and the rationalism of the director's decision.
In the pursuit of such a judicial inquiry we must be conscious that the governmental power extensively but discreetly to restrict and regulate the privilege to vend intoxicating liquors, especially by retail, has with traditional uniformity been accorded judicial support. In re Schneider, 12 N.J. Super. 449, 455 (App. Div. 1951), and citations therein.
No one doubts that a license to sell intoxicating liquor at a particular location is essentially a permit to pursue there an occupation otherwise illegal, and that the Legislature has conferred the discretionary power to grant such a privilege upon designated governmental licensing agencies. No one has the right to demand the issuance of a liquor license. Paul v. Gloucester County, 50 N.J.L. 585 (E. & A. 1888). Our appellate power is characteristically supervisory and remedial, thus we are no more at liberty arbitrarily or captiously to overturn the bona fide discretionary determinations of the constituted licensing agencies than are the latter free to act erratically or capriciously or otherwise to abuse rational discretion in their appropriate field of public service. Cf. Bivona v. Hock, 5 N.J. Super. 118 (App. Div. 1949).
*117 Accordingly our appellate duty is to answer whether in the factual circumstances, the existence of which is not in substantial dispute, the appellants have sustained the burden of proving that the director's action was a manifestly mistaken exercise of sound discretion. Vide, Zicherman v. Driscoll, 133 N.J.L. 586 (Sup. Ct. 1946); Biscamp v. Township Council of Teaneck Tp., 5 N.J. Super. 172 (App. Div. 1949); Price v. Excise Board of Town of Millburn, 29 N.J. Super. 103 (App. Div. 1953).
Truly, the factual conditions and circumstances revealed by the evidence in the present proceedings are such that in our opinion neither the denial nor the granting of the transfer could be judicially disapproved as conspicuously abusive of the logical and reasonable exercise of circumspect discretion.
An expeditious decision of this appeal restrains us from embodying in this memorandum a detailed recitation of the evidence except to comment that the proximity of the new location to the church properties, including the community house and proposed children's playground, doubtless constituted the predominantly influential reason motivating the municipal governing body and the director in denying the application.
The determination of the director is affirmed. No costs.