38 N.J. Super. 462 (1955)
119 A.2d 458
TOWNSHIP COMMITTEE OF THE TOWNSHIP OF LAKEWOOD, APPELLANT,
v.
JOSEPH BRANDT, MARJORIE BRANDT AND DIVISION OF ALCOHOLIC BEVERAGE CONTROL, DEPARTMENT OF LAW AND PUBLIC SAFETY, STATE OF NEW JERSEY, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 12, 1955.
Decided December 27, 1955.
*463 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Julius Cohn argued the cause for appellant Township Committee of the Township of Lakewood.
Mr. J. Elmer Matthews argued the cause for objectors-appellants.
*464 Mr. Samuel B. Helfand argued the cause for respondent Division of Alcoholic Beverage Control (Mr. Grover C. Richman, Jr., Attorney-General).
Mr. Samuel Leventhal argued the cause for respondents Joseph and Marjorie Brandt (Mr. Mark Addison, attorney; Messrs. Stewart & Leventhal, of counsel).
The opinion of the court was delivered by CLAPP, S.J.A.D.
Application was made to the Township Committee of the Township of Lakewood for a person-to-person and place-to-place transfer of a plenary retail liquor consumption license belonging to Wilson O. Bachman. The committee denied the application, objecting, not to the proposed transferees, Joseph and Marjorie Brandt, but (so the committee asserted) to the proposed site. On appeal to the Division of Alcoholic Beverage Control, the township committee was reversed. The committee, and certain residents in Lakewood who also objected to the transfer, now appeal to us from the Division's order.
Appellants' principal contention is that "public necessity and convenience" does not require the transfer of the license to the proposed site. Our cases make some reference to this term in connection with the issuance of liquor licenses. Hudson Bergen, etc., Ass'n v. Board of Com'rs of City of Hoboken, 135 N.J.L. 502, 506 (E. & A. 1947); Board of Com'rs of Town of Phillipsburg v. Burnett, 125 N.J.L. 157, 161 (Sup. Ct. 1940); cf. Brush v. Hock, 137 N.J.L. 257, 259 (Sup. Ct. 1948), speaking of "public need or necessity"; Mauriello v. Driscoll, 135 N.J.L. 220 (Sup. Ct. 1947), referring to "public need."
Of course, the subject of intoxicating liquors stands apart from other subjects, and analogies from other quarters of the law do not always apply. Mazza v. Cavicchia, 15 N.J. 498, 505 (1954). Still it may be useful to take some note of the context in which the term "public necessity and convenience" is usually found. Perhaps originally it served as a criterion in determining whether or not there was justification *465 for laying a new highway between certain termini, In re Shelton St. Ry. Co., 69 Conn. 626, 38 A. 362 (Sup. Ct. Err. 1897); but today it is little used except in connection with public utilities. E.g., see Interstate Commerce Commission v. Parker, 326 U.S. 60, 65, 65 S.Ct. 1490, 89 L.Ed. 2051, 2058 (1945); In re New Jersey & New York R. Co., 12 N.J. 281, 286 (1953) and cases cited; 60 C.J.S., Motor Vehicles, §§ 82-93. See the 1920 Transportation Act, 41 Stat. 477, 49 U.S.C.A., § 1(18), and a half-dozen subsequent federal statutes dealing with utilities.
Some question has been raised as to the significance of the term in connection with public utilities. Village of Bronxville v. Maltbie, 284 N.Y. 206, 30 N.E.2d 475, 480 (Ct. App. 1940); Mulcahy v. Public Service Commission, 101 Utah 245, 117 P.2d 298, 300 (Sup. Ct. 1941); Thomson v. Iowa State Commerce Commission, 235 Iowa 469, 15 N.W.2d 603, 606 (Sup. Ct. 1944). Cf. N.J.S.A. 48:2-14, providing for a determination by the Board of Public Utility Commissioners, depending on whether "the privilege or franchise is necessary and proper for the public convenience and properly conserves the public interests."
An even more obvious question arises as to the significance of the term in connection with intoxicating liquors. Is there any public necessity for a tavern? To be sure, the authority issuing a liquor license must take into consideration more than the matter of public convenience. Cf. Wisconsin Telephone Co. v. Railroad Commission, 162 Wis. 383, 156 N.W. 614, 616, L.R.A. 1916E, 748 (Sup. Ct. 1916); D.G. & U. Truck Lines, Inc., v. Public Utilities Commission, 158 Ohio St. 564, 110 N.E.2d 587, 592 (Sup. Ct. 1953); but cf. Commonwealth v. Gilligan, 195 Pa. 504, 46 A. 124 (Sup. Ct. 1900); 65 C.J.S., Necessity, p. 272; Barry v. O'Connell, 303 N.Y. 46, 100 N.E.2d 127, 130 (Ct. App. 1951); Lord v. Delaware Liquor Commission, 2 Terry 154, 40 Del. 154, 17 A.2d 230, 235 (Del. Gen. Sess. 1940); Wilmington Country Club v. Delaware Liquor Comm., 8 Terry 352, 47 Del. 352, 91 A.2d 250, 256 (Del. Super. Ct. 1952). For one thing  as may be said to be *466 suggested by the concept of public necessity  consideration should be given to the question whether there is any deficiency or lack in present facilities. Cf. In re Washington Ave. in Borough of Chatham, 5 N.J. Misc. 858, 860 (Cir. Ct. 1927). And of course the paramount consideration is the public interest. Cf. In re Greenville Bus Co., 17 N.J. 131, 143 (1954).
But we need not pursue the point because the Township Committee of Lakewood here was not really concerned with the question whether there was any public necessity for having a tavern at the proposed location. As the Director of the Division found, "the Township Committee was motivated primarily by a desire to have the license `die'"; they felt there were too many taverns in Lakewood. Indeed, in the committee's official minutes it is stated that one of the committeemen looked upon this as "a chance to eliminate a license." Another committeeman, in effect, admitted this at the hearing before the Division. Moreover, the testimony before the Director was sufficient to sustain a finding that their two colleagues went along with them.
The desire of these committeemen to reduce the number of licenses, because too many were outstanding, is commendable. But this they should have attempted through some less arbitrary means than through destroying the transferability of outstanding licenses. For other methods of reducing licenses (on which we do not pass), see Kirschoff v. Millville, Div. Alcoholic Bev. Control Bulletin No. 254, Item 8 (June 1938). An owner of a license or privilege acquires through his investment therein, an interest which is entitled to some measure of protection in connection with a transfer. As to the conditions under which a transfer may be made, see N.J.S.A. 33:1-26; cf. Zicherman v. Driscoll, 133 N.J.L. 586 (Sup. Ct. 1946).
It seems to have been suggested on the oral argument that perhaps there should be a tendency on our part to sustain the Director's orders setting aside local determinations where he seeks to eliminate abuses in liquor traffic or to elevate its standards; but that on the other hand, where there are no *467 such considerations involved, there should be a tendency on our part to uphold local determinations as to local public conveniences and interests. Suffice it to say  without attempting to approve such generalizations unqualifiedly  that this is a case which was resolved by the municipality (as we have said), not on the basis of local conveniences and interests affected by the proposed site, but on a basis which should not have been controlling.
The question remains whether the Director's action in approving the site was proper. The proposed location is in an appropriate zone, the nearest church being two miles away and the nearest school 2.2 miles away. While there are hardly any close neighbors, still the area is changing rapidly, with one housing development in the planning stage less than a half-mile off and three others wholly or partly under construction, 1.2 miles, 2.5 miles and less than 4 miles distant, respectively. Two of these developments are in Brick Township. Perhaps it is anticipated that patrons will to a large extent be made up of transients, for the proposed site is on a state highway where, especially on weekends, the traffic is "heavy, very heavy." The nearest tavern in Brick Township is 1.2 miles away and the nearest one in Lakewood is 2.5 miles away. We see no basis for saying that the Director clearly erred in holding that public conveniences and interests warranted the transfer of the license to the site proposed.
The township argues that the Director is limited to the evidence which had been adduced before it. But under the law the case is heard de novo by the Director, Cino v. Driscoll, 130 N.J.L. 535 (Sup. Ct. 1943); and he may properly rely on additional evidence brought out in the Division, Florence Methodist Church v. Township Committee of Township of Florence, 38 N.J. Super. 85 (App. Div. 1955).
We should not interfere with his determination where it could reasonably be said there was clearly unjustifiable action on the part of the local authorities, South Jersey Retail Liquor Dealers Ass'n v. Burnett, 125 N.J.L. 105 (Sup. Ct. 1940), City of Wildwood v. Garrett, 126 N.J.L. 203 (Sup. *468 Ct. 1941), Bivona v. Hock, 5 N.J. Super. 118 (App. Div. 1949)  and where, in addition to that, the action taken by the Director appears to us not to be clearly erroneous. Rajah Liquors v. Division of Alcoholic Beverage Control, 33 N.J. Super. 598, 600 (App. Div. 1955).
Affirmed.