44 N.J. Super. 84 (1957)
129 A.2d 725
JOHN DOWNIE, APPELLANT,
v.
BOROUGH COUNCIL OF THE BOROUGH OF SOMERDALE AND DIVISION OF ALCOHOLIC BEVERAGE CONTROL, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 18, 1957.
Decided March 4, 1957.
*86 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Anthony L. Cecere argued the cause for appellant (Mr. Leo J. Berg, attorney).
Mr. Samuel B. Helfand argued the cause for the Division of Alcoholic Beverage Control (Mr. Grover C. Richman, Jr., Attorney-General).
Mr. William C. Gotshalk argued the cause for the Borough Council of the Borough of Somerdale (Mr. Charles L. Rudd, attorney).
The opinion of the court was delivered by CLAPP, S.J.A.D.
The Borough Council of the Borough of Somerdale refused to renew John Downie's plenary retail liquor consumption license for the licensing year July 1, 1956 to June 30, 1957. The State Division of Alcoholic Beverage Control affirmed, and he now appeals to us.
*87 Mr. Downie contends that he was not informed of the reasons for the borough's action. On the contrary he seems to have been quite aware that the borough's action was predicated entirely on the basis of two offenses, namely, sales made after hours, for which Downie's license was suspended for ten days in 1954, and sales made to two minors in 1956, of which more will be said below. That Downie was aware of this is indicated by his petition of appeal to the Division and also by a stipulation between his attorney and the borough's attorney at the hearing before the Division. Further as to the necessity for a statement of reasons on the part of the council, see Wharton Sand & Stone Co. v. Montville Tp., 39 N.J. Super. 278, 283 (App. Div. 1956).
Mr. Downie contends also that he was not given a hearing before the borough council to which he claims to have been entitled under N.J.S.A. 33:1-24 and under constitutional guaranties of due process. First it is to be observed, as the borough points out, that this point was not raised in the Division. But, aside from that, we see no merit in the point. The argument rests on Mazza v. Cavicchia, 15 N.J. 498 (1954), which held that the Director of Alcoholic Beverage Control could not, in arriving at his decision, make use of a hearer's secret report without supplying the licensee with a copy of it, and also affording the licensee an opportunity "to refute * * * to supplement, explain and give different perspective to the hearer's view of the case." 15 N.J., at page 515. Mr. Downie's contention seems to be that the borough council should have furnished him with some statement of its reasons to which he might take exception before the council came to its decision. But the law does not impose on the council an obligation of this sort. Mr. Downie perhaps thinks that on a hearing before the borough he was entitled to sit back and wait for it to put in its case. On the contrary, upon such a hearing the burden of proof falls on the applicant for the renewal of the license. Nordco, Inc., v. State, 43 N.J. Super. 277, 287 (App. Div. 1957).
*88 The significant circumstance here is (as amply demonstrated at the hearing before the Division) that there is no factual issue in the case. Factually the case rests on the two offenses above stated, of which appellant was admittedly convicted. In that situation testimony and cross-examination before the council would have served no purpose at all. Nordco, Inc., v. State, 43 N.J. Super. 277 (App. Div. 1957); Boots 'N Saddle v. Municipal Board of Alcoholic Beverage Control of City of Newark, 44 N.J. Super. 38 (App. Div. 1957).
Appellant's next point is that in affirming the action of the borough, the Director abused his discretion. This contention requires us to give some attention to a prior proceeding in the Division. Appellant's license had been revoked by the borough council in April 1956 because of the above-mentioned sales to minors. On appeal, the Director modified the action taken by the council; instead of revoking the license, he suspended it for the balance of the licensing year, that is, for 34 days. The Director did this primarily because under N.J.S.A. 33:1-31 the revocation of the license would have disqualified appellant from continuing his association with another retail liquor establishment in which he had an interest. But these circumstances do not indicate an abuse of discretion in the present case. The mere fact that the license was suspended because of these two offenses (the Director in the prior proceeding also took into account the above-mentioned sales after hours), does not necessarily mean that a refusal thereafter to renew the license because of the same offenses is assailable as a double penalty. Zicherman v. Driscoll, 133 N.J.L. 586, 588 (Sup. Ct. 1946). Taking into consideration the Director's reason for refusing to revoke the license, as above stated, it cannot be said that his subsequent refusal to renew the license constitutes an abuse of discretion.
Appellant's final point is that where the circumstances warrant it, it is only fair that a reasonable opportunity be afforded licensees to liquidate their investments before refusing to renew their licenses. His claim apparently is that he *89 should have been granted a renewal on a condition permitting him to transfer the license within a stated time. Apparently appellant had been negotiating for the sale of the license. We have considered a similar contention in Nordco, Inc., v. State, 43 N.J. Super. 277, 288, 289 (App. Div. 1957), and may say shortly that we see no basis for reversing the Division on this point.
Affirmed.