50 N.J. Super. 423 (1958)
142 A.2d 653
BOARD OF COMMISSIONERS OF THE BOROUGH OF BELMAR, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, APPELLANT,
v.
DIVISION OF ALCOHOLIC BEVERAGE CONTROL, DEPARTMENT OF LAW AND PUBLIC SAFETY, STATE OF NEW JERSEY, ET AL., RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 14, 1958.
Decided April 21, 1958.
*424 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Harold Feinberg argued the cause for appellant.
Mr. Samuel B. Helfand, Deputy Attorney-General, argued the cause for respondent Division of Alcoholic Beverage Control (Mr. Harold Kolovsky, Acting Attorney-General, attorney).
Mr. Henry F. Hoey, Jr. and Mr. Harry R. Cooper argued the cause for respondent Gilmore Realty Corporation (Messrs. Braun and Hoey, attorneys).
*425 PER CURIAM.
This case concerns a hotel liquor license for premises in Belmar which are described as the largest of the nine hotels in the community having liquor licenses for on-premises consumption. The premises in question have been licensed continuously for over 20 years. From 1945 to 1955 the hotel owners concessioned the bar to one McCarthy. While he was there the place became known as a "trouble spot," according to witnesses for the borough, but no details were given in testimony. Apparently young people congregated there habitually. The hotel operator terminated McCarthy's concession in 1956, and a new license was issued to the owner corporation in April 1956, subject to four special conditions, including the banning of a public bar and an exterior bar sign, and confining service of liquor to patrons seated at tables in the dining rooms or restaurant of the hotel. These conditions were approved administratively by the Director of Alcoholic Beverage Control, as is required by R.S. 33:1-32. The same special conditions were included in the renewals of the license for the ensuing years of 1956-57 and 1957-58. The last renewal was accepted under protest against the continuance of the special conditions mentioned, and a statutory appeal was taken to the Director of the Division of Alcoholic Beverage Control.
After a hearing there was a recommendation by the Hearer in the Division to sustain the conditions, but this was not accepted by the Director, the latter ordering the conditions stricken on the ground that it appeared that during the summer seasons of 1956 and 1957 the licensed establishment had been conducted in a proper manner and without any complaints and that the appellant was therefore entitled to have an unrestricted license such as was enjoyed by all of the other competitive hotels in the borough.
On the present appeal the borough concedes that the substantial question presented is whether the Director committed an abuse of discretion in overruling the determination of the municipality that the conditions should be continued.
*426 The cases indicate that while the local issuing authority is vested with discretion in the exercise of any statutory jurisdiction committed to it, nevertheless when the Division determines on appeal that that discretion has been exercised improperly or mistakenly and the court is reviewing the Division's determination, the inquiry becomes one as to whether it can be said that the Director's action was a manifestly mistaken exercise of his own sound discretion. Hickey v. Division of Alcoholic Beverage Control, 31 N.J. Super. 114 (App. Div. 1954); Rajah Liquors v. Division of Alcoholic Beverage Control, 33 N.J. Super. 598 (App. Div. 1955), certif. den. 18 N.J. 204 (1955). In the present case we cannot say that there was a manifestly mistaken exercise of discretion in review by the Director of the Division. The previous trouble at the place was while it was under the operation of the concessionaire. When the owner of the hotel took over the place, there was no trouble. While it is argued that the absence of trouble under the operation of the owner was due to the existence of the special conditions, this is purely speculative, and the Director was entitled to take the view that, prima facie, the previous trouble was more likely to have been associated with the identity of the operator of the premises than with the absence of special conditions. He cannot be deemed unreasonable in finding, in effect, that it was unfair that only one of nine hotels in the borough, and that the largest, should be hampered by these obviously crippling conditions. We therefore conclude that the Director's exercise of reviewing discretion is not shown to have been mistaken. This is the kind of decision which was intended by the Legislature to be committed to his expert judgment and it should not be overruled by the court in these circumstances. See Hudson, Bergen, etc., Ass'n. v. Hoboken, 135 N.J.L. 502 (E. & A. 1947).
The borough also contended at the oral argument that the Director did not sufficiently clearly find an improper exercise of local discretion. While the Director might have done so more explicitly, we think he has, in substance, *427 concluded that there was a mistaken and unfair exercise of local discretion, under all the circumstances that appeared by the time of his decision. The appellate powers of the Director involve the exercise of a species of supervision and control transcending those of a formal appellate tribunal and they are "not to be shorn" by technical rather than substantial procedural limitations. Ibid. (135 N.J.L., at page 510).
Other points argued are deemed without merit and not to require discussion.
Affirmed; no costs.