126 N.J. Super. 233 (1974)
313 A.2d 804
CHRIST J. PAITAKIS, APPELLANT,
v.
CITY COUNCIL OF THE CITY OF NEW BRUNSWICK AND JOYCE KILMER BOWLING CORP., RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 27, 1973.
Decided January 7, 1974.
*234 Before Judges KOLOVSKY, FRITZ and CRANE.
Mr. Barry D. Maurer argued the cause for appellant (Messrs. Maurer & Maurer, attorneys).
Mr. Franklin F. Feld argued the cause for respondent City of New Brunswick (Mr. John J. Harper, on the brief).
*235 Mr. George F. Kugler, Jr., Attorney General of New Jersey, filed a statement in lieu of brief for Division of Alcoholic Beverage Control (Mr. David S. Piltzer, Deputy Attorney General, of counsel).
Messrs. Garrenger & Rosta filed a brief on behalf of objector Court Tavern, Inc. (Mr. Robert L. Garrenger, Jr., on the brief).
The opinion of the court was delivered by CRANE, J.A.D.
This is an appeal from a determination of the Division of Alcoholic Beverage Control. Appellant sought approval of the transfer of a liquor license from Joyce Kilmer Bowling Corp. to himself to enable him to dispense liquors at a luncheonette in New Brunswick.
At a hearing before the New Brunswick City Council, Vincent Albert, the principal stockholder of Court Tavern, Inc., which operated a nearby tavern, was the sole objector. The city council denied the transfer on the ground it would be contrary to the health and welfare of the city due to the proximity of various county buildings, and that traffic congestion would be increased by deliveries and the arrival and departure of customers. Parenthetically, we take judicial notice of the fact that the position was diametrically contrary to that taken by the city council in previous litigation in this court in which the present objector, Court Tavern, Inc., sought, among other things, to compel the building inspector to withhold the granting of a certificate of occupancy to Christ J. Paitakis to permit him to operate the luncheonette which is the subject matter of this suit. Court Tavern, Inc., v. Bernard Schrum (Docket A 758-71, decided March 26, 1973). In that suit the city council stated in its fifth separate defense that:
City Council has considered the application of defendant Paitakis for the transfer of a liquor license in conjunction with applicable laws and standards, and after a hearing wherein all objectors including *236 this Plaintiff had an opportunity to be heard. Although the governing body has not formally articulated its decision, nevertheless it can be stipulated for the purpose of this case that the governing body finds Defendant Paitakis has complied with all the requirements of law pertaining to a liquor license transfer, that such license should be consistent with the general character and needs of the neighborhood and that its existence at such location would not be detrimental to the general welfare.
Pursuant to N.J.S.A. 33:1-22 an appeal was taken to the Director of the Division of Alcoholic Beverage Control and a de novo hearing was held, after which the denial of the transfer by the city council was affirmed. Appellant then petitioned for a supplementary hearing on the ground of newly discovered evidence, alleging that City Councilman John A. Smith was in a position of conflict of interest by reason of his close association with Court Tavern, Inc. and its principal stockholder, Vincent Albert.
The Division held a supplementary hearing, as requested, during the course of which appellant presented testimony showing that Councilman Smith maintained law offices next door to the Court Tavern, and that the Court Tavern as an accommodation provided a telephone answering service in the tavern for Councilman Smith's private law office. Neither the council nor Court Tavern, Inc., both of which were represented at the supplemental hearing, presented any witnesses although Vincent Albert was present and available. The hearer's report, which was adopted as the decision of the Division by the Director, found that:
I find that the proofs supplied fall far short of that measure necessary to support the contention of conflict of interest. There was no proof whatever offered in support of any personal relationship between Smith and Albert. While respondents offered no testimony in rebuttal, contending that none was needed, the existence of the telephone connection between the law office and the tavern was uncontroverted. By conjecture alone, it is thus assumed that Smith does have such connection, the use for which appears from the proofs to be a late-hour or weekend convenience. Proofs were totally lacking respecting the relationship, financial or otherwise, that gave rise to this extra-hour telephone convenience.
*237 Ordinarily, a factual conclusion of the Director of Alcoholic Beverage Control supported by the record would be conclusive. Hornauer v. Division of Alcoholic Beverage Control, 40 N.J. Super. 501, 507 (App. Div. 1956). This matter, however, presents issues of grave public concern. Where a public official has a direct or indirect private interest in the outcome of his official action which is different from that which the public official holds in common with members of the public, the action is voidable. Aldom v. Roseland, 42 N.J. Super. 495 (App. Div. 1956). The determination of whether such an interest is sufficient to disqualify the official is factual in nature and requires an inquiry as to "whether the circumstances could reasonably be interpreted to show that they had the likely capacity to tempt the official to depart from his sworn public duty." Van Itallie v. Franklin Lakes, 28 N.J. 258, 268 (1958).
The evidence presented by appellant was admittedly thin, but the highly unusual circumstance of an attorney having a telephone answering service in a tavern operated by a man with whom he had been acquainted for a number of years should have alerted the officials of the Division to the possibility of the existence of other evidence bearing upon the closeness of their relationship. The affidavits submitted to the Division by the appellant suggested that Albert and Smith were close friends and that Albert had loaned Smith money. If these facts had been proven, undoubtedly the disqualification of Councilman Smith would have been established, it being the strong policy of the administration of the law pertaining to the control of alcoholic beverages that the appearance of objectivity and impartiality as well as their actuality be maintained. Fanwood v. Rocco, 33 N.J. 404, 417 (1960).
The Legislature has invested the Director with broad powers of supervision and control to remedy the abuses inherent in the liquor traffic. Butler Oak Tavern v. Div. of Alcoholic Beverage Control, 20 N.J. 373, 385 (1956). His mandate is "to insure the fair, impartial, stringent and comprehensive *238 administration" of the law. N.J.S.A. 33:1-23. In carrying out quasi-judicial functions pursuant to N.J.S.A. 33:1-22 and 23, the Director's powers of supervision and control transcend those of an ordinary tribunal. Belmar v. Div. of Alcoholic Beverage Control, 50 N.J. Super. 423, 427 (App. Div. 1958); Hudson Bergen &c., Ass'n v. Hoboken, 135 N.J.L. 502, 510 (E. & A. 1947). He has the power to direct the issuance of a transfer of a license where the local municipal licensing authority has refused to do so for unjustified reasons. South Jersey Retail Liquor Dealers Ass'n v. Burnett, 125 N.J.L. 105 (Sup. Ct. 1940).
No public outcry against the transfer of the liquor license was manifest here, as was the case in Lyons Farms Tavern v. Newark Mun. Bd. Alc. Bev., 55 N.J. 292, 306-307 (1970). Here the sole objector was a nearby licensee whose primary interest undoubtedly was the elimination of a potential competitor. That objector was shown to have a unique relationship to one of the members of the local licensing authority. Under those circumstances invocation of the Director's investigative power was manifestly indicated. N.J.S.A. 33: 1-35 provides that the Director may make investigations; he may examine witnesses under oath, and he may compel the attendance of witnesses by subpoena. At the very least, the circumstances suggested the interrogation of Vincent Albert and Councilman Smith as to the relationship between them. Cf. State v. Andreano, 117 N.J. Super. 498, 502 (App. Div. 1971). Further independent investigation under the direction of the Director would also have been appropriate. "A power to act imports a duty to act when the public interest suggests to the unfettered official judgment that something should be done." McDonough v. Roach, 35 N.J. 153, 157 (1961).
Accordingly, we reverse and remand the matter for further proceedings before the Director of the Division of Alcoholic Beverage Control in accordance with the views expressed in this opinion.